IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INDEPENDENCE CAPITAL MANAGEMENT, INC., a Pennsylvania corporation,<br>               Plaintiff,<br>v.<br><br>INDEPENDENCE CAPITAL MANAGEMENT, LLC, a limited liability company of the State of Delaware, DONOVAN GARCIA, WILLIAM SCHNIEDERS, JAMES SCHNIEDERS and JOHN DOES 1-10,<br><br>               Defendants. | C. A. No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, Independence Capital Management, Inc. ("ICMI") for its Complaint avers as follows:

### PARTIES

1. ICMI is a Pennsylvania corporation with its principal place of business at 600 Dresher Road, Horsham, Pennsylvania 19044.

2. On information and belief, defendant Independence Capital Management, LLC ("ICM-LLC") is a Delaware corporation with its principal place of business in Delaware, whose registered agent is Harvard Business Services, 25 Greystone Manor, Lewes, Delaware.

3. On information and belief, defendants Donovan Garcia, William Schnieders and James Schnieders are officers, members and employees of defendant ICM-LLC and reside in Delaware or a state other than the state of Pennsylvania.

4. On information and belief, John Does 1 – 10 are other individuals who are members, officers and employees of ICM-LLC, and reside in Delaware or a state other than the state of Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§1051, et seq. (the "Lanham Act"), jurisdiction being conferred in accordance with 15 U.S.C. §1121 and 28 U.S.C. §1338(a) and (b); and (2) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. §1332. Jurisdiction for the Delaware state statutory and common law claims is conferred in accordance with principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court under 28 U.S.C. §1391(a) in that, on information and belief, defendants all reside in this district, or under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

7. ICMI was incorporated in 1989. Since its incorporation, and long prior to the acts of defendants complained of herein, ICMI has engaged continuously in the business of providing investment advisory services in the United States.

8. In connection with its business and the investment advisory services it provides and has provided since 1989, ICMI has made continuous use of its trademark, service mark and trade name INDEPENDENCE CAPITAL MANAGEMENT.

9. ICMI has sold many millions of dollars worth of its investment advisory services in the United States under the trademark, service mark and trade name INDEPENDENCE CAPITAL MANAGEMENT.

10. As a result of ICMI's extensive sales, the INDEPENDENCE CAPITAL MANAGEMENT mark has become famous, represents valuable goodwill owned by ICMI, and has acquired secondary meaning.

11. In or about 2002, long after ICMI's trademark, service mark and trade name INDEPENDENCE CAPITAL MANAGEMENT acquired secondary meaning, defendants organized and began selling, within this judicial district and elsewhere in the United States, competing investment advisory services under the trade name and service mark "Independence Capital Management, LLC".

12. ICMI has not authorized or consented to defendants' use of the trade name and service mark "Independence Capital Management, LLC."

## COUNT ONE

### UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT

13. ICMI re-alleges paragraphs 1 through 12 as if fully set forth herein.

14. Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of defendants' services in that purchasers and others in this District and elsewhere in the United States are likely to believe that ICMI authorizes and controls the sale and provision of defendants' investment advisory services in the United States or that defendants are associated with or related to ICMI.

15. On information and belief, defendants' acts have injured or are likely to injure ICMI's image and reputation with consumers in this District and elsewhere in the United States

by creating confusion about, and dissatisfaction with, ICM-LLC's services.

16. On information and belief, defendants' acts have injured or are likely to injure ICMI's business reputation, relations with investors and investment companies in this District and elsewhere in the United States by causing customer dissatisfaction, a diminution of the value of the goodwill association with the INDEPENDENCE CAPITAL MANAGEMENT mark, and a loss of sales and market share to ICMI's competition.

17. On information and belief, defendants' sale in this District and elsewhere in the United States of investment advisory services under an infringing trade name and service mark is a deliberate, intentional and willful attempt to injure and trade on ICMI's business reputation, to confuse or deceive purchasers, and to interfere with ICMI's business relationships.

18. Defendants' acts constitute a false representation and a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

19. Defendants' acts greatly and irreparably damage ICMI and will continue to so damage ICMI unless restrained by this Court; wherefore, ICMI is without an adequate remedy at law. Accordingly, ICMI is entitled to, among other things, an order enjoining and restraining defendants from the use of the infringing mark and designation "Independence Capital Management."

## COUNT TWO

### DELAWARE DECEPTIVE TRADE PRACTICES ACT

20. ICMI re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. ICMI is a person with a business or trade interest at stake which is the subject of interference by the unfair or deceptive trade practices of defendants, within the scope and meaning of the Delaware Deceptive Trade Practices Act, 6 Del. C. §§2531-36 ("DDTPA").

22. Defendants' aforementioned conduct constitutes a pattern of "deceptive trade practice" as defined by 6 Del. C. §2532 and violates the DDTPA.

23. Defendants' conduct greatly and irreparably damages ICMI and will continue to so damage ICMI unless restrained by this Court; wherefore, ICMI is without an adequate remedy at law. Accordingly, ICMI is entitled to, among other things, an order enjoining and restraining defendants from the use of the infringing mark and designation "Independence Capital Management."

WHEREFORE, ICMI respectfully demands judgment:

1. For an Order enjoining and restraining, during the pendency of this action and permanently thereafter, defendants, their officers, agents, servants, employees, and attorneys, their successors and assigns, and all others in active concert or participation with defendants, from the use of the trademark, service mark, and/or trade name INDEPENDENCE CAPITAL MANAGEMENT, or any mark or name confusingly similar thereto.

2. For an Order requiring defendants, and all others holding by, through or under defendants, jointly and severally, to:

   a. account for and pay over to ICMI all profits derived by defendants from their acts of trademark infringement and unfair competition;

   b. pay to ICMI all damages incurred by ICMI by reason of defendants' acts of trademark infringement and unfair competition;

   c. pay to ICMI the costs of this action, together with reasonable attorneys' fees and disbursements;

  d. deliver up for destruction all signs and materials bearing the infringing mark "Independence Capital Management;"

  e. send a notice to all existing customers of defendants to notify them of the change of trade name and service marks as ordered by the Court;

  f. file with the Court and serve on ICMI an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction.

3. For an Order granting ICMI all actual damages in an amount in excess of $75,000.00 and treble damages as allowed under the Lanham Act and the DDTPA.

4. For an Order granting ICMI such other and further relief as the Court deems just and equitable.

         Respectfully Submitted,

         _____
         JAMES J. FREEBERY (DE Bar ID. 3498)
         MCCARTER & ENGLISH, LLP
         919 North Market Street, 18th Floor
         Wilmington, DE 19801
         Telephone: 302-984-6300
         Facsimile: 302-984-6399

         WILLIAM J. HELLER
         MCCARTER & ENGLISH, LLP
         Four Gateway Center
         100 Mulberry Street, P.O. Box 652
         Newark, NJ 07101-0652
         Telephone: (973) 622-4444

Dated: 6/13/05